UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

REAL GOODS SOLAR INC., f/k/a MERCURY
SOLAR SYSTEMS, INC.,

                            Civil Action No.: 17 Civ.

                   *Plaintiff,*

              -against-                      **COMPLAINT**

BENEFICIAL HOLDINGS INC. and BFHJ ENERGY
SOLUTIONS, LLC,

                 *Defendants.*

------------------------------------------------------------------X

      Plaintiff REAL GOODS SOLAR INC., f/k/a MERCURY SOLAR SYSTEMS, INC. ("Plaintiff" or "RGS"), by its attorneys Schwartz Sladkus Reich Greenberg Atlas LLP, complains of the defendants BENEFICIAL HOLDINGS INC. ("BHI") and BFHJ Energy Solutions, LLC ("BFHJ") (collectively, "Defendants"), and respectfully alleges to this Court as follows:

## NATURE OF THE ACTION

    1.    This is an action to hold Defendants BHI and BFHJ liable for a state court judgment (Westchester County Supreme Court) entered against non-party Energy Systems & Installations, Inc. ("ESI") in Plaintiff's favor on or about February 27, 2017, in the amount of $265,529.07 based on a theory of successor liability.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. §1391(b)(2) and (3).

## PARTIES

4. Plaintiff is a Colorado Corporation with its principal place of business in Denver CO.

5. On information and belief, Defendant BHI is a Nevada corporation with its principal place of business in Montvale, New Jersey that acquired the assets and liabilities of ESI. Defendant BHI's securities are traded over-the-counter (OTC) on the pink sheets (or the Pink Sheets Electronic Quotation service) under the symbol, "BFHJ.PK."

6. On information and belief, Defendant BFHJ is a Pennsylvania limited liability company that is a wholly owned subsidiary of Defendant BHI with its principal place of business in Jonestown, PA.

## FACTUAL BACKGROUND

7.  On or about August 2012, Anthony Conklin, a former employee of RGS commenced an action against RGS in the Supreme Court, Westchester County, Index. No. 64044/2012 (the "West Co. Action").

8.  In the West Co. Action, RGS, as Defendant/Third-Party Plaintiff commenced a third-party action against ESI for misappropriation of trade secrets, unfair competition and interference with prospective economic advantage.

9.  On June 1, 2016, after the main action and the third-party action were severed, the Court conducted a trial of RGS's third-party claim against ESI.

10. Although ESI was notified of the trial, and had appeared in the West. Co. Action, it did not appear at the trial.

11. On or about February 27, 2017, following the trial, the Court entered a judgment in the amount of $265,529.07 in favor of Plaintiff against ESI. (A copy of the Judgment is annexed hereto as Exhibit A.)

12. No appeal was taken from the Judgment.

13. The Judgment remains unsatisfied.

14. On information and belief, during the time the West. Co. Action was pending, Defendant BHI, a holding company, completed an acquisition of the assets and liabilities of ESI and formed a new subsidiary Defendant BFHJ.

15. On information and belief, following the acquisition, ESI, which was a PA corporation with its principal place of business in Jonestown, PA, has ceased operations and no longer exists as a separate entity.

16. At the time of the transaction, Defendant BHI issued a press release announcing that "Beneficial Holdings Completes Major Acquisition; Adds to Energy Solutions Subsidiary Management Team."

17. The press release stated, "the Company's wholly owned subsidiary BFHJ will be located in Jonestown, PA. The Energy Solutions teams will begin work on the company's sales pipeline, which includes more than $100 million of commercial solar projects."

18. The press release also reported that "ESI, a private company, recorded $15.8 million of revenues in 2014."

19. The press release announced that Corey Wolff, the founder of ESI, was being named president of "the newly expanded subsidiary" (referring to Defendant BFHJ).

20. Defendant BHI's current web-site states with respect to its Clean Energy Group, "Our Clean Energy Group concentrates on Commercial Solar Projects, Combined Heat and Power Projects and Waste to Energy Products. We have evolved our Clean Energy Operations since acquiring interests from a small EPC contractor [referring to ESI] in 2015."

21. On information and belief, Defendant BFHJ, a subsidiary of BHI, continues to be in the same business as Defendant ESI (clean energy), occupy the same physical location in Jonestown, PA and is managed by the same executives, including Corey Wolff.

22. In its 2017 updates on the Stock Message Board under Management, BFHJ reports that Corey Wolff is still President BFHJ Energy Solutions, LLC, the founder (2008) of ESI which is the predecessor to Energy Solutions.

23. On information and belief, not only is there continuing of management, business location and business operations but there is continuity of ownership between ESI and Defendants BFHJ and BHI.

24. On information and belief, pursuant to the asset purchase agreement Defendants BHI and BFHJ assumed the liabilities necessary for the uninterrupted continuation of the business of ESI.

## COUNT I

25. Plaintiff repeats and realleges each and every allegation contained n paragraphs of the complaint numbered "1" through "24" inclusive with the same force and effect as if fully set forth at length herein.

26. The acquisition of ESI by Defendant BHI was a de facto merger.

27. As a result, Defendants BHI and BFHJ are liable for the Judgment entered against Defendant ESI.

## COUNT II

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered "1" through "24" inclusive with the same force and effect as if fully set forth at length herein.

29. Defendants BHI and BFHJ are a continuation of ESI.

30. As a result, Defendants BHI and BFHJ are liable for the Judgment entered against ESI.

**Wherefore,** Plaintiff demands the following relief:

a) entry of a judgment against Defendants in the amount of $265,529.07;

b) prejudgment interest, attorneys' fees and costs; and

c) such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
December 12, 2017

                              SCHWARTZ SLADKUS REICH
                              GREENBERG ATLAS LLP

                              *[signature]*
                              By: Lynn E. Judell (LJ-1210)
                              270 Madison Avenue
                              New York, New York 10016
                              (212) 743-7000
                              ljudell@ssrga.com

                              *Attorneys for Plaintiff Real Goods Solar, Inc. f/k/a Mercury Solar Systems, Inc.*

# Exhibit A

FILED: WESTCHESTER COUNTY CLERK 02/27/2017 10:08 AM        INDEX NO. 64044/2012
NYSCEF DOC. NO. 107                                        RECEIVED NYSCEF: 02/27/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------

ANTHONY CONKLIN,

    *Plaintiff,*

- against -                                     Index No.: 64044/2012

REAL GOODS SOLAR INC., f/k/a                    JUDGMENT
MERCURY SOLAR SYSTEMS, INC.,

    *Defendant.*

-------------------------------------------------------

REAL GOODS SOLAR INC., f/k/a
MERCURY SOLAR SYSTEMS, INC.,

    *Third-Party Plaintiff,*

-against--

ENERGY SYSTEMS & INSTALLATIONS, INC.,

    *Third-Party Defendant.*

-------------------------------------------------------

UPON READING the Amended Decision/Order After Trial of the Honorable Lawrence Ecker dated February 17, 2017, it is hereby

ADJUDGED AND DECREED that Third-Party Plaintiff Real Goods Solar Inc., *f/k/a* Mercury Solar Systems, Inc., with offices at 833 W. South Boulder Road, Louisville, CO 80027, recover from Third-Party Defendant Energy Systems & Installations, Inc., with offices at 2632 State Route 72 Jonestown, Pennsylvania 17038, the sum of $216,539.25, together with interest thereon (on the sum of $116,642.45) from June 20, 2012 at 9% per annum ($48,989.82) for a total of $265,529.07 and that Third-Party Plaintiff have execution thereon.

Dated: February 27, 2017

                                                       Clerk of the Court

FILED: WESTCHESTER COUNTY CLERK 02/27/2017 10:08 AM        INDEX NO. 64044/2012
FILED: WESTCHESTER COUNTY CLERK 02/22/2017 09:50 AM        INDEX NO. 64044/2012
NYSCEF DOC. NO. 104                                         RECEIVED NYSCEF: 02/21/2017

To commence the statutory
time for appeals as of right
(CPLR 5513[a]), you are
advised to serve a copy
of this order, with notice
of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
ANTHONY CONKLIN,

                     Plaintiff,                        **INDEX NO. 64044/2012**

    -against-                                 **AMENDED**
                                                    **DECISION / ORDER**
REAL GOODS SOLAR, INC. f/k/a MERCURY          **AFTER TRIAL**
SOLAR SYSTEMS, INC.,

                     Defendant.
---------------------------------------------------------------X
REAL GOODS SOLAR, INC. f/k/a MERCURY
SOLAR SYSTEMS, INC.,

                     Third Party Plaintiff,

    -against-

ENERGY SYSTEMS & INSTALLATIONS, INC.,

                   Third-Party Defendant.
---------------------------------------------------------------X
**ECKER, J.**

     By Order of this Court (Lefkowitz, J), dated March 14, 2016, the trial of this third party action was scheduled to take place on May 20, 2016, and thereafter adjourned until June 1, 2016. On that date, Real Goods Solar, Inc. f/k/a Mercury Solar Systems, Inc., Third-Party Plaintiff ("Solar" or "Mercury") proceeded in the absence of an appearance by Energy Systems & Installations, Inc., third-party defendant ("ESI"), the court having determined that ESI had received due notice of the required appearance on May 20, 2016,

-1-

FILED: WESTCHESTER COUNTY CLERK 02/27/2017 10:08 AM        INDEX NO. 64044/2012
NYSCEF DOC. NO. 104                                          RECEIVED NYSCEF: 02/21/2017

FILED: WESTCHESTER COUNTY CLERK 02/22/2017 09:50 AM

and having failed to appear on that date.[1] The third party action was severed by Order of the Court (Lefkowitz, J.), dated November 17, 2014 [Seq. 3].

Before the court for trial are three causes of action as alleged in the third party complaint against ESI, namely misappropriation of trade secrets, unfair competition and interference with prospective economic advantage.

Solar called Robert Stickney as its witness. Stickney was employed from 2009 through 2014 by Solar's predecessor, Mercury. Solar purchased Mercury in 2015. Stickney was vice-president of sales for the company that designed and built solar systems for commercial and residential clients in a territory that extended from Maryland to Massachusetts.

There came a time in or around 2011 when Mercury solicited the business of McCutcheon Apple Products ("McCutcheon"). A proposal was prepared by Mercury and sent to McCutcheon, labeled Executive Summary/Lease Option [Ex. A], that set forth the proposed design, pricing and finance terms of the installation. At the same time, ESI made a proposal to McCutcheon to install a solar system which was shown to Mercury [Ex. A].

Stickney testified that the proposal submitted to McCutcheon by ESI was identical in format and content to the proposal Mercury had submitted. The information contained in the ESI proposal could have come only from the internal records of Mercury, which was wrongfully accessed by Mercury's recent former employee, Anthony Conklin.[2] Conklin was then an employee of ESI, but knew of the McCutcheon proposal while still in the employ of Mercury. Upon discovery of this fact, Mercury's counsel sent a "cease and desist letter" to ESI, advising it that the use of the information from Mercury constituted a breach of the non-compete provisions of Conklin's Employment Contract with Solar [Ex. C].[3]

Ultimately, Mercury was awarded the contract by McCutcheon. However, instead of the initial proposal price of $530,376. [Ex. E], the agreed upon price was reduced by twenty-three percent (23%) to $404,896.80, pursuant to the contract dated June 20, 2012 [Ex. F]. The price was reduced to meet the proposal made to McCutcheon by ESI.

---

[1] By Order dated December 21, 2015 (Lefkowitz, J.) [Seq. 4], ESI's attorneys were relieved as attorneys of record.

[2] The court was advised that the claims by and against Conklin and Solar have been settled.

[3] Solar did not enter a copy of the Anthony Conklin employment agreement with Mercury into evidence. However, as addressed, supra, it is clear from e-mails and deposition testimony that he had made ESI aware of the provisions of his restrictive covenants that included the conduct now complained of by Solar.

FILED: WESTCHESTER COUNTY CLERK 02/27/2017 10:08 AM    INDEX NO. 64044/2012
FILED: WESTCHESTER COUNTY CLERK 02/22/2017 09:50 AM    INDEX NO. 64044/2012
NYSCEF DOC. NO. 104                                    RECEIVED NYSCEF: 02/21/2017

To show the industry standard pricing for an installation that was slightly larger than the size and scope contemplated by the proposal to ESI, the Mercury contract dated June 8, 2012 with another client, Greenman-Pederson, Inc., was entered into evidence [Ex. G], which demonstrated that the original price of the Mercury proposal with McCutcheon was in line with the price to Greenman-Pederson, Inc.

Stickney testified that the ESI proposal [Ex. A] and Mercury proposal to McCutcheon were the same (except for the company logo) in that the formatting, the representation and the graphs, that are unique to the Mercury program, maintained by it, could only have been produced by ESI by use of the Mercury proprietary information. A document was entered into evidence showing that Anthony Conklin logged into the Mercury data base, subsequent to his termination of employment. This unauthorized access provided him with the specifics, and the Executive Summary, of the McCutcheon proposal [Ex. D]. A series of e-mails were entered into evidence showing that Anthony Conklin was communicating with other employees of ESI subsequent to the sending of the "cease and desist" letter from Mercury's counsel. Deposition testimony of Anthony Conklin [Ex. K] and Corey Wolff, ESI's president [Ex. J] provides evidence constituting admissions by ESI as to the conduct now complained of by Solar, and corroborates portions of Stickney's testimony that constitute hearsay..

The court finds that Solar has sustained its burden of proof by competent evidence that ESI knowingly and intentionally attempted to obtain the business of McCutcheon, and that it did so, by utilizing confidential, unique, proprietary information that was wrongfully obtained by its employee Anthony Conklin, following his termination of employment from Mercury. Due to the wrongful interference by ESI, the contract that Mercury eventually entered into with McCutcheon caused Mercury to sustain a loss equal to twenty-three percent (23%) of the contract amount that would otherwise have availed, based upon the showing of industry standards.

The court finds that Solar has proven that ESI misappropriated trade secrets [first counterclaim], unfairly competed [second counterclaim] and tortiously interfered with prospective economic advantage. Hence, Solar is entitled to the difference in price between the proposal amount of $521,539.25 [4] and the contract amount of $404,896.80, namely $116,642.45, as and for compensatory damages.

The court finds that the conduct of ESI was wanton and willful in its conduct, to the extent that knowing that Anthony Conklin was subject to post-employment restrictions, and after being advised of same, ESI continued to pursue the business of McCutcheon, and in so doing, Mercury was caused to sustain a twenty-three percent (23%) reduction in the

---

[4] The court notes that this figure is the contract amount between Mercury and Greenman-Pederson, which although greater in scope than the contract between Mercury and McCutcheon, is less than the amount of the Executive Summary provided to McCutcheon.

-3-

Case 7:17-cv-09754-CS   Document 8   Filed 12/29/17   Page 12 of 12

FILED: WESTCHESTER COUNTY CLERK 02/27/2017 10:08 AM    INDEX NO. 64044/2012
FILED: WESTCHESTER COUNTY CLERK 02/22/2017 09:50 AM    INDEX NO. 64044/2012
NYSCEF DOC. NO. 104                                    RECEIVED NYSCEF: 02/21/2017

amount it would otherwise have been paid by McCutcheon. The court finds that the conduct undertaken by ESI justifies an award of punitive damages in the amount of $100,000. Accordingly, it is hereby

ORDERED that Real Goods Solar, Inc. f/k/a Mercury Solar Systems, Inc., is awarded the amount of $116,642.45 against Energy Systems & Installations, Inc., as and for compensatory damages, together with pre-judgment interest at the rate of nine percent (9%) per annum, calculated from June 20, 2012 to the date of entry of judgment; and it is further

ORDERED that Real Goods Solar, Inc. f/k/a Mercury Solar Systems, Inc., is awarded the amount of $100,000 against Energy Systems & Installations, Inc., as and for punitive damages; and it is further

ORDERED that upon proof of service of this Decision/Order, with Notice of Entry, upon Energy Systems & Installations, Inc., the Clerk of the Court shall enter judgment in favor of Real Goods Solar, Inc. f/k/a Mercury Solar Systems, Inc., as against Energy Systems & Installations, Inc., in the amount of $216,539.25, together with interest as herein-above provided, costs and disbursements.

The foregoing constitutes the Decision/Order of the court.

Dated: White Plains, New York
       February 16, 2017

ENTER,

HON. LAWRENCE H. ECKER, J.S.C.

**Appearances**

Schechtman Halperin Savage, LLP
Attorneys for Third Party Plaintiff
Via NYSCEF

All other parties appearing via NYSCEF