

| | | | |
|---|---|---|---|
| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| | Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | ──────────── | Tara J. Davis | Megan S. Goddard |
| ATTORNEYS AT LAW | Stuart Bernstein | Diana R. Warshow | *Counsel* |
| nmllplaw.com | | Gabrielle M. Vinci | Rebecca C. Nunberg |
| | | Kara L. Gorycki | *Counsel* |
| | | Cindy A. Singh | Jeffrey S. Berkowitz |
| | | Nicholas E. Lewis | *Counsel* |
| | | Adrienne D. Levy | Marybeth Sydor |
| | | | *Title IX Consultant* |

June 27, 2019

**VIA FASCIMILE & EMAIL**
**(914)-390-4278**
chambersnysdseibel@nysd.uscourts.gov
The Honorable Cathy Seibel
Federal Building & United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

    RE:    Real Goods Solar Inc., f/k/a Mercury Solar Systems Inc. v. Beneficial Holdings, Inc.,
              BFHJ Energy Solutions, LLC and Corey Wolff
              Docket No.   :     7:17-cv-09754-CS
              Our File      :     23004

Dear Judge Seibel:

    Please allow this correspondence to serve as a response to the pre-motion letter filed by Plaintiff in the above-docketed matter on June 20, 2019. (Docket No. 38).

    Defendant Wolff objects to the Plaintiff's request for leave to amend the Amended Complaint to add non-party Black Bear Trading, LLC ("Black Bear"). Pursuant to Fed. R. Civ. P. 16(b)(4), the Plaintiff must demonstrate good cause for requesting modification of this Honorable Court's Scheduling Order. The "good cause" inquiry is focused on the diligence of the movant in attempting to comply with the existing scheduling order. Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 282 F.R.D. 76 (S.D.N.Y. 2012). A party cannot demonstrate good cause when the proposed amendment rests on information that it knew, or should have known in advance of the scheduling deadlines. Alaska Elec. Pension Fund v. Bank of Am. Corp., 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) (internal quotation marks omitted).

    Contrary to Plaintiff's assertion that Defendant Wolff produced more than 10,000 pages of documents in May 2019, counsel for the Plaintiff was actually provided with Defendant Wolff's discovery responses on January 29, 2019. (A true and correct copy of the e-mail correspondence attaching the document production and the Dropbox link to the document production is attached as **Exhibit A**). This production included all information in Defendant Wolff's possession regarding Black Bear. Accordingly, Plaintiff's counsel has had access to the information upon which her proposed amendments rests for the past six months, well in advance



of the Scheduling Order deadlines. Moreover, despite having Defendant Wolff's discovery responses for six months, the Plaintiff has not made any effort to depose Defendant Wolff or serve supplemental discovery requests concerning Black Bear. The Plaintiff clearly cannot demonstrate any good cause for modification of the Scheduling Order.

For the foregoing reasons, Defendant Wolff respectfully requests that this Honorable Court deny the Plaintiff's request for leave to amend non-party Black Bear.

Respectfully Submitted,

**NESENOFF & MILTENBERG, LLP**

By: */s/ Nicholas E. Lewis*
Stuart Bernstein, Esq.
Nicholas E. Lewis. Esq.
363 Seventh Avenue, Fifth Floor
New York, New York, 10001
(212)736-4500

**SUMMERS, McDONNELL, HUDOCK, GUTHRIE & RAUCH, P.C.**

By: */s/ Kevin D. Rauch*
Kevin D. Rauch, Esquire
PA Bar Id. 83058
945 East Park Drive, Suite 201
Harrisburg, PA 17111
Telephone: (717) 901-5916
Fax: (717) 920-9129
*(Pro Hac Vice)*

*Attorneys for Defendant, Corey Wolff*

cc:   Lynn Judell via E-Mail and ECF